UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

OLD REPUBLIC INSURANCE COMPANY                                            PLAINTIFF

v.                                                                  CIVIL ACTION NO. 3:05-CV-343-S

UNDERWRITERS SAFETY & CLAIMS, INC.                                         DEFENDANT

### MEMORANDUM OPINION

This matter is before the court upon cross motions of the parties for summary judgment. This is a declaratory judgment action filed by the plaintiff, Old Republic Insurance Company ("Old Republic"), against Louisville/Jefferson County Metro Government as successor to the City of Louisville[1] and its third party administrator, Underwriters Safety & Claims, Inc. ("Underwriters"). Old Republic seeks a determination that the failure of both the City and Underwriters to comply with the notice provisions of the excess workers compensation insurance policy issued by Old Republic, relieves Old Republic of its obligation to indemnify the City under the policy for payments associated with the workers' compensation claim of the City's employee, Gregory McCord (the "McCord Claim")[2]

---

[1]The Louisville/Jefferson County Metro Government as successor to the City of Louisville together with the City of Louisville is herein referred to as the "City".

[2]After Old Republic filed this action, Underwriters acknowledged that it was responsible for complying with the notice provisions of the policy issued by Old Republic. Underwriters entered into an agreement with the City whereby Underwriters agreed to indemnify the City for the McCord Claim until a final determination as to the obligations of the parties under the policy has been made. By virtue of this agreement, the court substituted Underwriters for the City and permitted Underwriters to file the City's counterclaim which seeks payment by Old Republic under the terms of the policy.

## BACKGROUND

During the time period at issue, the City maintained a self insurance program for the provision of workers' compensation benefits to employees. Under this self-insurance program, the City was responsible for payment of workers' compensation benefits up to a per occurrence self-insured retention limit, which at the time of the injury that led to this action was $250,000. In order to obtain indemnity for certain workers' compensation liabilities exceeding the self-insured retention limit the City secured a policy of excess insurance. For the period of July 1, 1986 to July 1, 1987, the excess exposure policy was insured by Old Republic.

The critical provisions of the Old Republic policy insofar as this action is concerned are contained in Part 7, which provides in pertinent part:

> Part 7. ADMINISTRATION AND REPORTING OF CLAIMS
>
> The Insured shall be responsible for the investigation, settlement, defense or appeal of any claim made or suit brought, or proceeding instituted against the Insured and shall give immediate notice to Wexford Underwriting Managers upon learning of any of the following:
>
> (a) any claim, suit or proceeding that appears to involve indemnity by the Company;
>
> (b) any occurrence, claim, award or proceeding judgment which exceeds 50% of the Retention stated in Item 5 of the Declarations;
>
> . . .
>
> (d) any case involving:
>
> . . .
>
> (4) disability for a period of nine months or more;
>
> (5) permanent total disability as defined in the Workers' Compensation Act of the applicable state named in Item 3 of the Declarations;

. . .

> (e) the reopening of any case in which further award might involve liability of the Company.
>
> . . .
>
> The Company at its own election and expense, and in addition to any indemnity for claim expenses provided by this Policy, shall have the right but not the duty to participate with the Insured in, or to assume in the name of the Insured control over, the investigation, settlement, defense or appeal of any claim, suit or proceeding which might involve liability of the Company.

In early 1989, Gregory McCord, a City employee, filed a workers' compensation claim against the City alleging a work related injury to his back occurred on March 9, 1987. The claim resulted in a February 27, 1990 Opinion and Award by Administrative Law Judge Walter Turner. Judge Turner found that McCord had sustained a 50% occupational disability for workers' compensation purposes. Judge Turner also found that although the City had paid McCord temporary total disability benefits for the eleven months following his injury, he was in fact, only entitled to receive these disability benefits for six months. However, Judge Turner awarded McCord permanent partial disability benefits for a period not to exceed 425 weeks. He also awarded McCord such medical, surgical, and hospital expenses as may be reasonably required for the treatment of his occupational disability. No time limit was imposed as to the City's obligation to pay these medical expenses.

McCord subsequently filed a Motion to Reopen his claim on February 28, 1991, alleging a worsening of his condition and seeking increased benefits. The motion was sustained and years later, on April 30, 1998, by Opinion and Award, Administrative Law Judge Shelia Lowther found McCord to be permanently and totally occupationally disabled. Judge Lowther noted that the City remained

responsible for McCord's reasonable and necessary medical expenses required for the treatment of his work related injury.

On or about July 28, 2004, Old Republic first received notice of the McCord Claim. This notice came in the form of a claim status update report sent by Underwriters. In order to administer its workers' compensation program, the City contracted its claims administration to outside independent contractors known as third-party administrators (TPAs). Ladegast & Heffner Claims Service served as the City's TPA for workers' compensation claims until June 30, 1993. Subsequently, the City's TPA for all self-insured workers' compensation claims was Underwriters. The contract between the City and Underwriters specified that Underwriters would notify the City's insurers when so required by the relevant insurance contract provisions.

Two days after sending Old Republic the McCord claim status update report, Underwriters wrote Old Republic requesting payment in the amount of $44,178, which was the amount by which McCord's workers' compensation benefits had, at that time, exceeded the City's $250,000 self-insured retention limit. Shortly thereafter, Old Republic notified Underwriters that it would not provide reimbursement on the basis that the McCord Claim had not been reported to Old Republic prior to July 28, 2004, in contravention of the notice provisions and terms of the Old Republic policy.

**DISCUSSION**

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*,

536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. V. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

## I. Notice

Underwriters acknowledges that it breached the contractual notice provisions in Part 7 of the Old Republic policy by failing to provide Old Republic with timely notice of the McCord claim. Underwriters takes the position that notice should have been given to Old Republic upon Judge Lowther's April 30, 1998 Opinion and Award in accordance with paragraph (d)(5) of the policy. Paragraph (d)(5) required notice be given of any case involving permanent total disability as defined by the state workers' compensation act. Because Judge Lowther determined at that time that McCord was entitled to permanent total disability, Underwriters concedes that its July 28, 2004 notice to Old Republic was six years later than contractually required. Old Republic contends that Underwriters was obligated in accordance with the other notice provisions of the policy to provide

Old Republic with notice of the McCord Claim on several occasions prior to Judge Lowther's April 30, 1998 decision.

The parties agree that Kentucky law controls the resolution of the question before this court. In Kentucky, the construction of insurance contract provisions comprise questions of law for the court, unless disputed facts are involved. *Hanover Ins. Co. v. American Eng'g Co.*, 33 F.3d 727, 730 (6th Cir.1994); *Perry's Adm'x v. Inter-Southern Life Ins. Co.*, 71 S.W.2d 431 (Ky. 1934). Under Kentucky law, the terms of an insurance policy are to be given their ordinary meanings as persons with ordinary and usual understanding would construe them. *See Foster v. Kentucky Housing Corp.*, 850 F.Supp. 558, 561 (E.D.Ky 1994). If a provision in a policy is ambiguous, the ambiguous provision is to be liberally construed in favor of the insured. *See St. Paul Fire & Marine Ins. Co. v. Powell-Walton-Milward, Inc.*, 870 S.W.2d 223, 225-26 (Ky. 1994). However, the Kentucky Supreme Court has held:

> The rule of strict construction against an insurance company does not mean that every doubt must be resolved against it and does not interfere with the rule that the policy must receive a reasonable interpretation consistent with the parties' object and intent or narrowly expressed in the plain meaning and/or language of the contract. Neither should a nonexistent ambiguity be utilized to resolve a policy against the company. We consider that courts should not rewrite an insurance contract to enlarge the risk to the insurer.

*St. Paul Fire & Marine Ins. Co.*, 870 S.W.2d at 226-27.

Old Republic first contends that it should have been provided notice in 1988 in accordance with Part 7 (d)(4), for any case involving disability for a period of nine months or more. Old Republic argues that it should have been notified after McCord failed to return to work within nine months of his work related back injury. Underwriters takes the position that Part 7 (d)(4) is ambiguous because the policy does not define what is meant by "disability." This court finds no

- 6 -

ambiguity in paragraph (d)(4) and has no difficulty concluding that in giving the word "disability" its ordinary meaning, McCord's case was a case involving disability of a period of nine months or more. The ordinary meaning of the word "disability" is "the inability to pursue an occupation because of physical or mental impairment." Merriam Webster's Collegiate Dictionary 329 (10th ed. 1996).

There is no dispute that after suffering his back injury, McCord was unable to return to work for a period exceeding nine months. Underwriters points out that although the City provided McCord with temporary total disability benefits for eleven months following his injury, Judge Turner, in his 1990 decision, determined that he was only entitled to six months of benefits. Because of this determination, Underwriters argues that McCord's disability period was well below the nine months required to trigger the notice requirement. This argument fails to consider that irrespective of the temporary total disability benefits provided to him, McCord, due to his injury, was unable to return to work for a period exceeding nine months. Consequently, in accordance with Part 7 (d)(4) of the City's policy, Old Republic was entitled to notice of McCord's case at that time. The July 28, 2004 notice received by Old Republic was therefore, sixteen years late.

## II. Prejudice

Until 1991, Kentucky courts strictly construed notice requirements contained in insurance policies and held that compliance with such provisions was considered to be a condition precedent to the insured being able to recover under the policy. *See Reserve Ins. Co. v. Richards*, 577 S.W.2d 417, 419 (Ky. 1979); *Aetna Casualty & Sur. Co. Of Hartford, Conn. v. Martin*, 377 S.W.2d 583 (Ky. 1964). However, in 1991, the Supreme Court of Kentucky ruled that an insurer may not deny coverage because an insured failed to provide prompt notice of loss unless the insurer can prove that

it is reasonably probable that it suffered substantial prejudice from the delay in notice. *Jones v. Bituminous Casualty Corp.*, 821 S.W.2d 798, 802-03 (Ky 1991).

*Jones* involved a third party liability insurance policy. The insurer brought an action for judgment declaring that it had no obligation under its liability policy with regard to injuries sustained by a visitor on the insured's premises because the insured breached the prompt notice clause of the insurance policy. *Id.* at 799. The trial court agreed finding that this breach was fatal to the coverage without regard to whether the liability insurer sustained prejudice from the delay in giving notice. The Kentucky Supreme Court, however, reversed the trial court finding that failure to provide prompt notice did not result in forfeiture of coverage in the absence of prejudice. *Id.* at 803.

Old Republic contends that this court should presume that it was prejudiced because it did not receive notice of the McCord claim until many years after it was required to be provided. Old Republic urges the court to distinguish *Jones*, arguing that this court should instead follow the approach taken in *Hiscox Dedicated Corporate Member Ltd. v. Wilson*, 246 F.Supp.2d 684 (E.D.Ky 2003). *Hiscox* involved a first party equine insurance policy. The issue in *Hiscox* was virtually identical to the issue in *Jones*, namely whether the insured's failure to provide "immediate notice" to its insurer allowed the insurer to deny liability. The *Hiscox* court refused to follow *Jones* noting that "the traditional rule overturned by *Jones* was the default court construction of a notice provision in an insurance policy as a condition precedent. In contrast, the policy at issue [in *Hiscox*] clearly provides that notice is a condition precedent to coverage." *Id.* at 692. The *Hiscox* court predicted the Kentucky Supreme Court would continue to strictly enforce the condition precedent of immediate notice in the context of equine insurance and found that the failure of the insured to

provide the insurer with immediate notice in accordance with the policy resulted in automatic forfeiture of the insured's rights. *Id.* at 693.

This court declines to follow the approach taken in *Hiscox* and will follow the rule of law set forth in *Jones*. While the circumstances and the insurance policy in the case before this court may be similar in some respects to the circumstances and insurance policy in *Hiscox*, the Old Republic policy is completely devoid of language clearly indicating that compliance with the notice is a condition precedent to Old Republic's coverage. Due to the absence of this crucial language, this court will require Old Republic to show that it is reasonably probable that it suffered substantial prejudice from the delay of notice.

Having determined that prejudice is a necessary element to Old Republic's ability to refuse to indemnify the City for its late notice, this court must now determine whether Old Republic has sufficiently shown that was indeed prejudiced. In *Jones*, the Court stated:

> If the evidence [as to whether the insurer suffered substantial prejudice] is in conflict, or if reasonable minds could differ as to what the evidence proves in this regard, the issue is one for the trier of fact. The issue is ripe for summary judgment only where the proof is conclusive, or there has been a failure of proof, on this subject.

*Jones*, 821 S.W.2d at 803.

Old Republic claims that the City and its TPA's failure to comply with the notice provision prejudiced it by exposing it to liability without affording it the right to 1) set its reserves in anticipation of such an occurrence 2) notify its own reinsurers or 3) associate or control the investigation, defense, or settlement of the McCord Claim.

This court focuses on the last of Old Republic's claims. It is undisputed that the failure to notify Old Republic resulted in Old Republic's exposure to liability without affording Old Republic

its contractual right to associate in or control the investigation, defense, or settlement of the McCord Claim. Underwriters contends that this court should require Old Republic to prove that it would have actually become involved in resolving the McCord Claim and that its involvement could have effected a different result.

This court declines to read *Jones* to require Old Republic to make such a showing in this case. As such, the evidence provided by Underwriters is irrelevant to this court's decision. Old Republic's undisputed loss of its contractual right is conclusive in establishing the level of prejudice required by *Jones*. Because this court finds sufficient prejudice in this claim, there is no reason to determine whether Old Republic's other claims would conclusively prove prejudice, although the inability to reserve against the exposure and the inability to provide timely notice to reinsurers would, if true, likely show the requisite prejudice also. Accordingly, Old Republic's motion for summary judgment is granted.

A separate order will be entered herein this date in accordance with this opinion.