UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

OLD REPUBLIC INSURANCE COMPANY,                                    PLAINTIFF

v.                                                                 CIVIL ACTION NO. 3:05-CV-343-S

UNDERWRITERS SAFETY & CLAIMS, INC.,                                DEFENDANTS

### MEMORANDUM OPINION

In 1987, Gregory McCord injured his back while working for the City of Louisville. The city was self-insured up to $250,000 against worker's compensation claims, and carried an excess-liability policy from Old Republic Insurance Company. In 1990, an Administrative Law Judge ("ALJ") found that McCord had a 50% permanent partial disability; in a 1998 proceeding this conclusion was revised, and McCord was determined to be totally and permanently disabled. The city did not notify Old Republic of the McCord claim until 2004, at which time it had already paid out more than its $250,000 retention limit. Underwriters Safety & Claims, Inc., the city's third-party administrator,[1] then sought reimbursement for the amount by which the city's payment of worker's compensation benefits had exceeded its obligations. Underwriters concedes that the notice to Old Republic was not contractually timely. (Part 7(d)(4) of the Old Republic's insurance contract with the city provides that immediate notice shall be given in any case involving "disability for a period of nine months or more.")

Old Republic sought a declaratory judgment to the effect that the failure to notify relieved it of its obligations under the insurance policy, and both sides moved for summary judgment. This court determined that Old Republic was entitled to notice in 1988, but that under Kentucky law the

---

[1] Underwriters has been substituted for the city as defendant in this case.

policy was nevertheless enforceable unless Old Republic could show that it was prejudiced by the late notice. We concluded that it had in fact been prejudiced, because it lost its right to participate in the defense of the McCord claim. We thought this to be true as a matter of law, regardless of whether Old Republic would in fact have participated or whether its participation could have affected its liability. We therefore granted summary judgment to Old Republic.

Underwriters appealed, and the Sixth Circuit reversed. The court of appeals agreed with our conclusion that Kentucky law required Old Republic to demonstrate a reasonable probability that it suffered substantial prejudice as a result of the late notice. 306 Fed. Appx. 250, 253 (6th Cir. 2009) (*citing Jones v. Bituminous Cas. Corp.*, 821 S.W.2d 798 (Ky. 1991)). However, the court held that "something more than the loss of the right to participate in defense of the claim is necessary in order to show prejudice." *Id.* at 255. "At the very least," it went on, "a showing of prejudice requires the insurer to point to some reasonable possibility that the outcome would have been different had it received notice." *Id.* The court thus remanded the case for reconsideration of the question "whether a reasonable trier of fact could conclude that, with timely notice from Underwriters, there is a reasonable probability that Old Republic might have achieved a more favorable resolution of the McCord claim." *Id.* The parties have submitted evidence and fully briefed that issue, which is now ripe for our decision.

Surveying the quotations in the paragraph above, the reader may notice that the Court of Appeals provided two distinct descriptions of the appropriate standard of proof: "reasonable *possibility*" and "reasonable *probability*." To settle the disparity we turn to the *Jones* case, from which the court drew its rule. There the Kentucky Supreme Court explained:

> We view the question of prejudice in terms of whether it is reasonably probable that the insurance carrier suffered substantial prejudice from the delay in notice. If the

> evidence on this issue is in conflict, or if reasonable minds could differ as to what the evidence proves in this regard, the issue is one for the trier of fact. The issue is ripe for summary judgment only where the proof is conclusive, or there has been a failure of proof, on this subject.

*Id.* at 803. To void the contract, Old Republic must show a reasonable probability that it suffered substantial prejudice from the delay—that is, a reasonable probability that the delay resulted in it obtaining a less favorable result than it might otherwise have expected.

There are, it seems to the court, two ways in which Old Republic could have obtained a more favorable outcome had it been aware of McCord's case (assuming that it would actually have participated, a question the parties dispute). First, by pressing alternate defense strategies it might have obtained a ruling that McCord was less than 100% disabled, and that he was therefore due less money in the form of benefits. On this subject Old Republic presents very little in the way of argument or evidence. Its expert, Thomas Ballard, testified that an "acrimonious relationship between McCord and [Underwriters]" hindered resolution of the underlying worker's compensation litigation. (Reply 9.) From this Old Republic infers that, if it had been able to interpose its own representatives, they "could very well have defused the McCord/[Underwriters] conflict and allowed the claim to be resolved." (*Id.*) This is pure speculation. There is no evidence that Old Republic's intervention would have altered the merits of the case or changed the ALJ's decision.

Alternatively, Old Republic could have obtained a better result by settling with McCord on terms more favorable than the outcome of the ALJ proceedings. To prevail on this theory, according to the treatise cited by the Court of Appeals, the insurer must show "that there was a substantial likelihood . . . that the insurer could have settled the underlying case for a small sum or smaller sum than that for which the insured ultimately settled the claim." 306 Fed. Appx. at 255 (*quoting* 13 Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 193:29). Here Old Republic can only point to

the assertion that it would have tried much harder to settle the case than the city or Underwriters did. (Apparently Underwriters made no effort to settle whatsoever.) It is, Old Republic says, "reasonably probable that Old Republic . . . would have communicated with the [Underwriters] adjuster in order to assess why no efforts were being made to settle the claim." (Pl.'s Br. 19.) Further, it argues that "[i]t is equally probable (and in fact likely) that Old Republic would have, at a minimum, encouraged [Underwriters] to *timely* evaluate the claim for settlement potential . . . , and to undertake settlement discussions with a view towards minimizing the exposure of all parties." (*Id.*) These assertions are insufficient to meet the bar set by the Court of Appeals. It is not enough to say that Old Republic was denied its contractual right to participate or the opportunity to attempt settlement. That was the theory on which this court's prior opinion rested, and the Court of Appeals rejected it. The focus is on the substantive result, not on abstract rights or the underlying process. *See* 306 Fed. Appx. at 255 ("Prejudice requires 'injury or damage.'" (*quoting* Merriam Webster's Collegiate Dictionary 919 (10th ed. 1997))). Old Republic has presented no evidence that the outcome of the McCord claim would have been any different had it received timely advice. While it may be "difficult to see how things could have turned out worse" for Old Republic (Pl.'s Br. 20), it is the plaintiff's burden to provide evidence that things would probably have turned out *better*. *See Jones*, 821 S.W.2d at 803. Though Old Republic may have tried to settle the case, nothing in its briefing indicates any probability of success in that endeavor.

Old Republic has failed to present evidence that the substantive outcome of the McCord claim would have changed had it been timely apprised of the claim's existence, or that it was otherwise prejudiced (that is, actually and substantially harmed) by the delay. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon

motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The unfilled hole in Old Republic's case is thus fatal, and the court is constrained by the Court of Appeals's reading of *Jones* to award summary judgment to the defense on Old Republic's declaratory judgment action.

However, Underwriters's motion for summary judgment was limited to Old Republic's cause of action, and the parties have therefore not addressed Underwriters's counterclaim. We leave resolution of that issue to future proceedings.

A separate order will issue, consistent with this opinion.